IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION SPILMON, et al., | No. C-08-4873 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al., | |
| Defendants.  / | |

Before the Court is plaintiffs' motion to remand, filed November 24, 2008. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows.

On September 11, 2008, plaintiffs filed the complaint in the instant action in state court, alleging state law claims arising out of exposure to asbestos. On October 24, 2008, defendant Foster Wheeler LLC ("Foster Wheeler") removed the action to district court on the ground that said defendant was "acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1)." (See Notice of Removal ¶ 7.); see also 28 U.S.C. § 1442(a)(1) (providing action against agency of United States or "any officer (or any person acting under that officer) of the United States . . . for any act under color of such office" may be removed to district court). No other defendant has joined in Foster Wheeler's notice of removal or asserted any other ground for removal jurisdiction. On

1  November 24, 2008, plaintiffs dismissed their complaint against Foster Wheeler.

2  In cases removed under § 1442(a)(1), "[i]f the federal party is eliminated from the suit after removal . . . the district court does not lose its . . . jurisdiction over the the state law claims against the remaining non-federal parties." See Dist. of Columbia v. Merit Sys. Prot. Bd., 762 F.2d 129, 132-33 (D.C. Cir. 1985). "Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court." Id. at 133; see also Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) (noting, in case removed under § 1442(a)(1), "it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed").

Here, as the proceedings in the action are at an early stage, plaintiffs have alleged no federal claims, and no defendant except Foster Wheeler has yet appeared, the Court finds it appropriate to remand the action to state court. See Dist. of Columbia, 762 F.2d at 133 (noting, where claims involve purely local law and federal party is dismissed early in proceedings, courts "regularly remand cases removed under section 1442(a)(1)").

Accordingly, plaintiffs' motion to remand is hereby GRANTED, and the action is hereby REMANDED to the Superior Court of the State of California in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: December 17, 2008

MAXINE M. CHESNEY
United States District Judge